INHABITANTS OF FITCHBURG *vs.* INHABITANTS OF LUNENBURG.

A written discharge, issued to a soldier by the proper military authorities, on a surgeon's certificate of disability, is conclusive evidence, in an action between two towns concern-ing his settlement as a pauper under the St. of 1865, c. 230, of the cause of his leaving the service; and evidence is not admissible to show that the certificate was obtained by undue influence, especially without any evidence that such influence was exercised by the soldier himself; nor is evidence that he was absent without leave, and was arrested for desertion, admissible to show that he was guilty of wilful desertion, in the absence of evidence that he was tried for desertion and convicted thereof.

CONTRACT to recover money expended for the support of the children of Calvin D. Sanderson, who, the plaintiffs contended,

Fitchburg *v.* Lunenburg.

had acquired a settlement with the defendants under the St. **of** 1865, *c.* 230.

At the trial in the superior court, before *Morton,* J., it appeared that Sanderson was duly enlisted and mustered into the military service of the United States; that he was at the time of his muster, and had been for the six months next previous, an inhabitant of Lunenburg; that he was of full age at the time of his enlistment; and that he had been in the service not less than a year when he was discharged.

The discharge of Sanderson from the military service, which was put in evidence by the plaintiffs, set forth that he was discharged June 30, 1863, "by reason of surgeon's certificate of disability;" was signed by his commanding officer; and was proved to have been issued by the proper authorities to Sanderson, and to have never been revoked or annulled.

The defendants then offered to show "that on or about January 24, 1862, Sanderson applied for and received a furlough or leave of absence from the military service for the period of thirty days; that said furlough or certificate of leave purported to grant a leave of absence for thirty days from the date thereof; that said furlough or certificate by accident bore no date; that Sanderson, when receiving said furlough, returned home; that he did not return to his military duty at the end of thirty days, but, knowingly and corruptly intending to evade his duty, remained till June 25, 1862, when he was arrested by the military authorities as a deserter, and confined in Fort Independence till he received his discharge as above stated." The defendants did not offer to show that Sanderson was ever tried, convicted or sentenced on account of said alleged desertion; but they further offered to show "that Sanderson was not disabled at the time he received his discharge, and that the surgeon's certificate of disability and the discharge were obtained by undue influence."

The judge ruled that the evidence offered was inadmissible the verdict was for the plaintiffs; and the defendants alleged exceptions.

*H. Williams,* for the defendants.

*G. A. Torrey,* for the plaintiffs.

GRAY, J. The defendants admit that, under the St. of 1865 c. 236, and the decision of this court in *Bridgewater* v. *Plymouth*, 97 Mass. 382, Calvin D. Sanderson, by being enlisted and mustered into the military service of the United States as a part of the quota of the town of Lunenburg during the recent civil war, and continuing in such service for more than a year, acquired a settlement in that town, unless he was prevented from so doing by the third section of that statute, which is as follows: " The provisions of this act shall not apply to any person who shall have enlisted and received a bounty for such enlistment in more than one town, unless the second enlistment was made after an honorable discharge from the first term of service, nor to any person who shall have been guilty of wilful desertion, or who shall have left the service otherwise than by reason of disability or an honorable discharge."

The manifest purpose of this statute was that those soldiers only should gain a settlement in the town as a part of whose quota they had enlisted, who had honestly entered upon and faithfully performed their service to the government of the nation. The question in this case is, by what evidence the performance or breach of military duty is to be judicially ascertained upon a question of settlement.

By the articles of war, established by act of congress, no soldier duly enlisted and sworn can be dismissed from the service without a discharge in writing, signed by his commanding officer; at each muster, the reasons and time of absence of any soldier are required to be entered on the muster roll; all enlisted soldiers convicted of desertion or absence without leave are to be punished by the sentence of a court martial; and every soldier is prohibited from enlisting in any other regiment, troop or company, without a regular discharge from that in which he last served, on the penalty of being reputed a deserter and suffering accordingly. U. S. St. 1806, *c.* 20; 2 U. S. Sts. at Large, 361, 362.

Considering the careful provisions made by the articles of war for the keeping of muster rolls showing the reasons and times of absence, for the trial and punishment of deserters, and for the

granting of discharges; and the inconvenience, as well from the nature of the facts to be proved, as from the difficulty of obtaining the necessary evidence, of trying the issues of desertion, absence without leave, or cause of discharge, in the civil tribunals; we are of opinion that the proceedings of the military authorities, at least when they involve a direct finding upon the fact in question, as in the case of an enlistment into the service, an acquittal or conviction for desertion, or an honorable discharge in writing, are conclusive evidence upon a question of settlement under the St. of 1865, *c.* 230. It is more just to the soldier himself, and more consistent with public policy and the prevention of unbecoming litigation, that the causes and motives of his leaving the service should be determined, once for all, by the military officers of the government to which his service was due, while the facts were recent and he had an opportunity to be heard, than that the question of his military loyalty or disloyalty should be left open to be collaterally contested between two municipalities in actions to which he is not a party, and even after his death, as often as any of his family may be so unfortunate as to fall into distress and need public assistance.

It is no new thing in the law to depend upon military records as conclusive evidence of similar facts. At common law, when a lord distrained for escuage his tenant holding by knight's fee, and the tenant pleaded that he was with the king in Scotland forty days, that issue was " tried by the certificate of the marshal of the king's host in writing under his seal;" and his certificate, when produced in a court of common law, was conclusive. Co. Lit. 74 *a.*

In the case at bar, the plaintiffs introduced in evidence a certificate in due form, from the proper military officer, of Sanderson's honorable discharge from the military service of the United States upon a surgeon's certificate of disability. This was conclusive evidence of the cause and manner of his leaving the service. The evidence, offered by the defendants, of the time and intent of his previous absence from duty, and of his arrest for desertion, unaccompanied by any evidence that he had been

convicted or sentenced therefor; as well as the evidence offered to contradict the certificate of the surgeon, and to prove that that certificate and the discharge were obtained by undue influence — especially as there was no offer to show that such influence was exercised by the soldier himself; was incompetent, and rightly rejected.

In *Ashland* v. *Marlborough*, 99 Mass. 47, no question of the manner of leaving the service under the third section of the statute, or of the effect of military proceedings, was raised or involved; but only the nature of the oral testimony admissible upon an issue arising under the first section, to show whether the disease disabling a soldier was contracted before or after his enlistment.                                        *Exceptions overruled.*