INHABITANTS OF ASHLAND *vs.* INHABITANTS OF MARLBOROUGH.

A soldier discharged for disability does not thereby acquire a settlement under the St. of 1865, *c.* 230, unless the disability arose from wounds or disease received or contracted in the service; and there is no presumption that it did so arise.

CONTRACT to recover money expended by the plaintiffs for the support of William H. Maynard, a pauper, whose settlement was alleged to be with the defendants. At the trial in the superior court, before *Rockwell*, J., the jury returned a verdict for the plaintiffs, and the defendants alleged exceptions. The case is stated in the opinion.

*G. A. Somerby & W. B. Gale*, for the defendants.

*T. H. Sweetser & T. C. Hurd*, for the plaintiffs.

MORTON, J. It being admitted that the settlement of the pauper was in Marlborough, the burden of proof is upon the defendants to show that he has acquired a settlement elsewhere in one of the modes prescribed by law. *Oakham* v. *Sutton*, 13 Met. 192. *Worcester* v. *Wilbraham*, 13 Gray, 586. They attempt to show that the pauper has acquired a settlement in the plaintiff town under the St. of 1865, *c.* 230. This statute provides that "any person who shall have been duly enlisted and

Ashland *v.* Marlborough.

mustered into the military or naval service of the United States, as a part of the quota of any city or town in this Commonwealth, under any call of the President of the United States, during the recent civil war, and who shall have continued in such service for a term not less than one year, or who shall have died or become disabled from wounds or disease received or contracted while engaged in such service, or while a prisoner in the hands of the enemy, and the wife or widow and minor children of such person, shall be deemed thereby to have acquired a settlement in such city or town."

In this case, it was shown that the pauper was duly enlisted and mustered into the military service of the United States on July 2, 1861, as one of the quota of Ashland, under a call of the President of the United States, and that he continued in such service until January 7, 1862, when he was discharged by reason of disability. He was, at the time of his enlistment, of the age of twenty-one years, was an inhabitant of said town, and had resided therein for more than six months next previous thereto. But there is no evidence that he became disabled from wounds received or disease contracted while engaged in such service. His discharge, which was put in evidence, merely recites that he was discharged " by reason of certificate of disability." Whether the disability arose from disease contracted while engaged in the service, or before entering the service, nowhere appears. There is no presumption either way, but it is matter of proof.

The defendants, therefore, failed to show all the conditions necessary to give the pauper a settlement in Ashland under the statute, and the presumption of law being that his original settlement in Marlborough continues until he is shown to have acquired a new one in some other town, the presiding judge rightly ruled that the plaintiffs were entitled to recover.

*Exceptions overruled.*