CITY OF NEWBURYPORT *vs.* CITY OF WALTHAM.

Essex.   November 7, 1889. — December 20, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Pauper — Soldier — Military Settlement.*

A certificate of the examining surgeon, upon the enlistment of a soldier into the military service of the United States during the late civil war as a member of an invalid corps upon the quota of the city of W., recited that " his present infirmity is age and rupture," but that he was not disabled from service in that corps. The surgeon's certificate, upon which he was subsequently discharged, stated that he was disabled from military service because of "phthisis pulmonalis, with great emaciation developed since enlistment." *Held,* in an action

against W. to recover for aid furnished one of his descendants, a pauper, that a finding was warranted that he became disabled from disease contracted while serving on the quota of that city, and that he acquired a military settlement therein.

CONTRACT to recover for aid furnished by the plaintiff city to Lewis Haynes, a pauper alleged to have a settlement in the defendant city.

At the trial in the Superior Court, without a jury, before *Hammond*, J., the only question in issue was whether Samuel W. Haynes, from whom the pauper derived his settlement, acquired a military settlement in the defendant city. The defendant introduced in evidence certified copies of the records of the War Department of the United States, which tended to show the following facts. After military service as a part of the quota of the plaintiff city, from which he was duly discharged on December 25, 1862, Haynes, on July 24, 1864, enlisted in the Veteran Reserve Corps as a part of the quota of the defendant city. The examining surgeon, upon his enlistment in such corps, certified under that date as follows: " I certify on honor that I have carefully examined the above named Samuel W. Haynes, agreeably to the orders and instructions establishing the Invalid Corps; that his present infirmity is age and rupture, and in my opinion he is not physically or mentally disqualified for performing the duties of a soldier in the Invalid Corps."

On October 28, 1864, he was recommended for discharge, on the ground that he was "not physically suitable to re-enlist in the Veteran Reserve Corps," and he was duly discharged on November 9, 1864, in accordance with the following certificate, signed by the surgeon in charge of the station to which he was attached: " I certify that I have carefully examined the above named soldier and find him incapable of performing the duties of a soldier because of phthisis pulmonalis, with great emaciation developed since enlistment. Disability for military service and civil occupation total."

The judge refused to rule, as requested by the defendant, that "there was no evidence upon which the court could find that the said Samuel W. Haynes died or became disabled from wounds or disease received or contracted while engaged in the service of the United States as a part of the quota of the city of Wal-

tham," and found upon the whole evidence that Haynes had become thus disabled while engaged in military service as a part of the quota of the defendant city, and found for the plaintiff; and the defendant alleged exceptions.

*G. L. Mayberry*, for the defendant.

*N. N. Jones*, for the plaintiff.

DEVENS, J.    The only question presented by the defendant's bill of exceptions is, whether there was any evidence upon which the court could find that Samuel W. Haynes, who had, on July 20, 1864, enlisted in the Veteran Reserve Corps as a part of the quota of Waltham, became disabled from wounds or disease contracted while engaged in the service of the United States as a part of this quota.    The certificate of the examining surgeon, made at the time of his enlistment, was evidence of the then physical condition of Haynes, whether conclusive or not it is unnecessary now to determine.    *Fitchburg* v. *Lunenburg*, 102 Mass. 358, 361. *Hanson* v. *South Scituate*, 115 Mass. 336.    While it does not in express terms state that the enlisted man has no other infirmity than those which it describes, the fair inference therefrom is that there was no other, as, after stating them, the surgeon states that he is not disqualified from serving in the Veteran Reserve Corps.

The certificate of the surgeon upon which he was discharged from the service of the United States, at a subsequent date, was conclusive evidence of the cause and manner of his discharge; *Fitchburg* v. *Lunenburg*, and *Hanson* v. *South Scituate, ubi supra;* and states a different infirmity from that with which he was affected at the time of his enlistment, viz. " phthisis pulmonalis, with great emaciation developed since enlistment."    The contention of the defendant is, that this does not necessarily import that the disease, by reason of which he was discharged, was contracted after his enlistment in the Invalid Corps.    It would be a very forced interpretation to hold that, by the use of the word " developed," it was intended to intimate that the disease had been previously " contracted."    The two certificates, that of the examining surgeon and that of the discharging surgeon, when taken together, afford evidence which would warrant the judge in his finding that Haynes became disabled from disease contracted while in the service on the quota of Waltham.

*Exceptions overruled.*