CITY OF WALTHAM vs. CITY OF NEWBURYPORT.

Middlesex.    November 19, 1889. — January 4, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Pauper — Soldier — Military Settlement — Evidence — Declarations*
*— Admission.*

In an action to recover money paid by one city to another for supporting a pauper, a soldier's descendant, it appeared from an examining surgeon's certificate, made when the soldier enlisted in an invalid corps upon the plaintiff city's quota during the late civil war, that his "infirmity" was "rupture," but from the discharging surgeon's certificate, afterwards made, that it was a disease "developed since enlistment." The plaintiff offered to prove that two years later the soldier made application to the defendant city for State aid, and appended to it a surgeon's certificate purporting to be based largely on the soldier's statement, to the effect that his disability was "rupture"; and that the defendant furnished him such aid, which, upon application by its mayor and aldermen, was afterwards paid back by the State. *Held*, that a finding was warranted that the soldier acquired a military settlement in the plaintiff city, because of disease contracted while serving on its quota, and that this finding could not be controlled by the evidence offered, which was rightly rejected; and that the action could not be maintained.

CONTRACT to recover back money paid by the plaintiff city to reimburse the defendant city for aid furnished to Lewis Haynes, a pauper. At the trial in the Superior Court, without a jury, before *Dewey*, J., there was evidence tending to prove the following facts.

The defendant furnished the aid in question to the pauper, who was in need of immediate relief, and notified the plaintiff thereof. Thereupon the plaintiff, supposing that Samuel W. Haynes, the pauper's grandfather, from whom he derived his settlement, had acquired a military settlement in the plaintiff city by reason of length of service upon its quota in the civil war, agreed with the defendant to assume the support of the pauper, and from time to time paid it the moneys in question for his support. Subsequently the plaintiff ascertained that Samuel W. Haynes had not acquired such a military settlement, and denied the pauper's settlement, and demanded the return of the amounts paid by it for his support.

The defendant, among other defences, contended that Samuel

W. had acquired a military settlement in the plaintiff city from being disabled by a disease contracted while serving upon its quota, and put in evidence a certificate of the examining surgeon, dated July 20, 1864, at the time of his enlistment in the Veteran Reserve Corps as a part of the plaintiff's quota, by which it appeared that "his present infirmity is age and rupture"; and also that of the discharging surgeon, made at the time of his subsequent discharge, on November 9, 1864, by which it appeared that he was then "incapable of performing the duties of a soldier because of phthisis pulmonalis, with great emaciation, developed since enlistment. Disability for military service and civil occupation, total."

The plaintiff, for the purpose of showing that he was not so disabled, offered in evidence an application of Samuel W., dated June 25, 1866, to the defendant city, for State aid, in which he stated that he was " disabled while in the United States service, viz. on the fifteenth day of December, 1862, at Falmouth, Va., the nature and extent of which disability is shown by the certificate of the examining surgeon, annexed." The certificate annexed to the application, signed by a physician, recited that, from " his statement and evidence presented, it appears that on or about the        day of December, in the year 1862, being at Falmouth, Va., he received a left inguinal hernia by lifting a barrel of beef, and in his present condition the rupture is easily replaced; but he is partially unfit to pursue his usual avocation."

The plaintiff also offered to show, in connection with the application, that the defendant granted and paid State aid thereon, and that the mayor and a majority of the aldermen of the defendant city certified under oath to the Commissioners of State Aid that they had made such payment, and that the defendant received from the State return for the amount so paid.

The judge excluded the evidence thus offered, and found for the defendant; and the plaintiff alleged exceptions.

*G. L. Mayberry*, for the plaintiff.

*N. N. Jones*, for the defendant.

DEVENS, J. In *Newburyport* v. *Waltham*, ante, 311, it was held that the evidence from the certificate of the examining surgeon made at the time of the enlistment of Samuel W. Haynes

as a part of the quota of Waltham, and from the certificate of the surgeon upon which he was discharged from the service of the United States, at a subsequent period, was sufficient to warrant the court in finding that Samuel W. Haynes became disabled while serving as a part of that quota. The same evidence was received in the case at bar, and, the presiding judge having found for the defendant, such finding is warranted, unless he has refused to receive some of the evidence offered by the plaintiff by which such finding might or should have been controlled.

It has been often held that the certificate of the surgeon upon which a soldier is discharged is conclusive evidence of the cause and manner of his discharge. *Fitchburg* v. *Lunenburg*, 102 Mass. 358, 361. *Hanson* v. *South Scituate*, 115 Mass. 336. This certificate does not in terms state that the disease by reason of which he was discharged was contracted after his enlistment, but when taken in connection with that made at the time of his enlistment justifies that inference. Nor could this be controlled by evidence of the declarations of Haynes, made two years after upon an application for State aid, nor by the certificate of the surgeon who examined him at that subsequent time, and which, by its recitals, appears to have been largely based upon Haynes's declarations, nor by the fact that the defendant city paid to Haynes the State aid for which it was subsequently reimbursed by the State, upon the application of the mayor and aldermen. This latter fact cannot, as the plaintiff contends, be treated as an admission by the defendant city of its responsibility for Haynes by which it would be bound in a controversy with the plaintiff as to the settlement of Haynes. The evidence offered by the plaintiff was therefore properly rejected.

This view of the case renders it unnecessary to consider whether the plaintiff could now recover back the money paid by it under its agreement with the defendant city, or to pass upon the other defence suggested.

*Exceptions overruled.*