INHABITANTS OF SOUTH SCITUATE *vs.* INHABITANTS OF SCITUATE.

Plymouth.    November 30, 1891. — January 9, 1892.

Present: ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Pauper — Soldier — Military Settlement — Evidence — Exceptions.*

Where it is incumbent on a plaintiff to prove a fact, and he refuses to prove it by the best evidence which is open to him, all other evidence may properly be excluded, and the plaintiff's case will fail for want of evidence; if, however, the court allows the plaintiff's case to proceed as if such best evidence had been put in, the court goes further in the plaintiff's favor than is necessary, and the plaintiff can stand no better than if it had been introduced.

In an action by a town for aid furnished a soldier alleged to have a settlement in the defendant town, on the issue whether the soldier became disabled from disease contracted while engaged in service, it appeared from the record that the soldier at his enlistment on September 4 passed the examining surgeon, and on October 24 following was found to be suffering from epilepsy, and discharged. The testimony of the soldier, and of various other witnesses who had known him before his enlistment, showed clearly that long before he enlisted he was subject to that disease. *Held*, that there was no evidence for the jury, and that a verdict was properly ordered for the defendant.

A party is not prejudiced by the exclusion of evidence tending to establish a point afterwards ruled in his favor.

CONTRACT to recover for aid furnished by the plaintiff town to Charles D. Mann, a pauper, alleged to have a settlement in the defendant town. Trial in the Superior Court, before *Barker*, J., who ordered a verdict for the defendant, and reported

the case for the determination of this court. If the case should have been submitted to the jury upon the evidence admitted, together with any evidence offered by the plaintiff and improperly excluded under exception, the verdict was to be set aside and a new trial ordered; otherwise, judgment on the verdict. The nature of the evidence appears in the opinion.

*H. Kingman & J. F. Simmons,* for the plaintiff.

*F. E. Snow,* (*W. A. Gaston* with him,) for the defendant.

ALLEN, J.  By Pub. Sts. c. 83, § 1, cl. 11, a military settlement is acquired by one who was duly enlisted and mustered into the military or naval service, and who became disabled from disease contracted while engaged in such service.  This being the ground relied upon to show the settlement of the pauper Mann in the defendant town, it was incumbent on the plaintiff to show that he became disabled from disease contracted while engaged in service, namely, while at Readville, from September 12, 1862, to October 24, 1862.

The plaintiff, at the trial, having proved the enlistment of Mann, introduced without objection the muster-out roll of his company, and also Schouler's Record of Massachusetts Volunteers, both showing that he was discharged October 24, 1862, for disability, but not showing the nature of the disability.

The plaintiff thereupon sought to show by Mann that he had a certain illness at Readville, but the defendant's counsel objected, on the ground that they had in court a duly authenticated copy of the surgeon's certificate of disability, upon which Mann was granted his discharge, which copy they offered to the plaintiff's counsel.  This the plaintiff's counsel declined to receive; but the court, after inspecting it, ruled that it was such a duly authenticated copy, and that the plaintiff could not be permitted to show any other disability than that therein named, which was epilepsy.  The plaintiff now contends that there was no evidence that the discharge of Mann was based upon the surgeon's certificate, a copy of which was offered to the plaintiff's counsel, and that the statement made to that effect by an official of the Pension Bureau of the War Department at Washington cannot be evidence.  Looking at the copy of the record produced from Washington, it appears that it is prefaced by a certificate of the officer in charge of the Record and Pension Division, that it

appears from the record that Mann was rejected and discharged October 24, 1862, " on surgeon's certificate of disability, of which the attached is a true copy." An examination of the copy of the record which is attached serves to fix the identity of Mann, and the copy of the surgeon's certificate shows that he was found to be "incapable of performing the duties of a soldier because of epilepsy," and no doubt is left that the discharge was based on the surgeon's certificate. It appears that the presiding judge came to this conclusion on an examination of the record itself, and it is plainly to be inferred that he did not rely upon the preliminary certificate of the official at Washington as to what the records would show. We agree that this certificate as to the contents of the record might not of itself be competent evidence of what the record contains; *Hanson* v. *South Scituate*, 115 Mass. 336, 342; but the copy of the record itself admitted of no other conclusion than that to which the presiding judge arrived.

It has been repeatedly held that the certificate of the surgeon upon which a soldier was discharged is conclusive evidence of the cause and manner of his discharge. *Waltham* v. *Newburyport*, 150 Mass. 569, and cases cited. *Newburyport* v. *Waltham*, 150 Mass. 311. Being conclusive evidence, it was therefore the best evidence, and, it being incumbent on the plaintiff to produce the best evidence attainable of Mann's disability, the copy of the record should have been accepted and put into the case as evidence upon this question, or the case might properly have been stopped at that point. Where it is incumbent on a plaintiff to prove a fact, and he refuses to prove it by the best evidence which is open to him, all other evidence may properly be excluded, and the plaintiff's case will fail for want of evidence. The court, however, at the trial, allowed the plaintiff's case to proceed as if the copy of the record had been put in evidence, and ruled that the certificate was conclusive as to Mann's discharge because of epilepsy; and allowed the plaintiff to show that this epilepsy was contracted while Mann was engaged in the service.

The plaintiff now contends that the surgeon's certificate was not in the case, not having been offered in evidence by either party. If that is so, then the plaintiff's case failed for want of

the best evidence. The only ground upon which the plaintiff was entitled to be heard at all, after the production of the record, was that the fact therein stated was to be assumed to be in the case. By giving to the plaintiff the benefit of this assumption at the trial, the court went further in the plaintiff's favor than was necessary. If the plaintiff declined to put in the record, it had no case.

Assuming, however, that Mann was discharged for epilepsy, the question of fact remained, whether the plaintiff could show that it was contracted while he was in the service. In reference to this, there was no presumption from the record and the surgeon's certificate upon his discharge one way or the other, but it was a matter to be proved by evidence *aliunde*. *Ashland* v. *Marlborough*, 106 Mass. 266. It was said in *Newburyport* v. *Waltham*, 150 Mass. 311, that the certificate of the examining surgeon upon the soldier's enlistment in the Veteran Reserve Corps, setting forth the particulars of the soldier's infirmity, was competent evidence of his physical condition at the time, though whether conclusive or not it was then unnecessary to determine. It is open to question whether the same rule is applicable to an ordinary enlistment. This we need not decide. In the present case, no certificate of the examining surgeon at Mann's enlistment was produced, and all that appeared was that Mann was examined and passed. If we assume that this record should have the same effect as a certificate that the examining surgeon found no disability sufficient to prevent his enlistment, and that it is to be regarded as competent evidence upon the subject, we are clearly of opinion that it is not conclusive evidence that there was no such disability. The circumstances and the reasons are not the same as those which exist when a soldier is discharged. The reason of his discharge is to be formally and officially stated. Upon an enlistment, however, and especially when recruits were in demand and bounties were given, no such significance should be given to the surgeon's certificate. Many actual disabilities might escape attention ; and the present case affords a good illustration of this possibility. At the most, the fact that Mann was examined and passed amounted to no more than this, that the surgeon then found no disability which in his opinion was disqualifying. This examination was on September 4, and on

October 24 Mann was found to be suffering from epilepsy. The disease existing at the later date was not discovered or adverted to on September 4.

The plaintiff having been permitted by the court to introduce evidence to show that the epilepsy was contracted in the service, and having already, at an earlier stage of the case, put in the record showing that upon his enlistment Mann was examined and passed by the surgeon, did not rest upon that, but proceeded with other evidence upon the question. Mann himself, and various other witnesses who had known him before his enlistment, testified in behalf of the plaintiff, and the result of their testimony was to show beyond a question that the disease existed before his enlistment. Even if the fact that he had been examined and passed would have some slight tendency to show that he was free from disabling disease, the other testimony introduced by the plaintiff clearly established that long before he entered the service he was subject to the disease which at Readville was found to be disabling. From common knowledge it might well happen that such an examination as would ordinarily be given to a recruit might not disclose a liability to attacks of this disease. The burden was upon the plaintiff to show that the disease was contracted while Mann was engaged in the service, and, looking at the whole of the plaintiff's evidence, it is manifest that this burden was not sustained. There was no occasion to submit the evidence to the jury on this point. The plaintiff could not contend that the testimony of almost all of its witnesses was untrue, and if true there was no doubt of the existence of the disease before Mann's enlistment. There was no contradiction or inconsistency in the evidence. Taken together, it showed that the liability to the epileptic attacks existed, but either that it was not in the mind of the examining surgeon, or else that he thought it did not render Mann unfit to be enlisted. The case was, therefore, properly withdrawn from the jury, and a verdict ordered for the defendant.

The only remaining question which needs to be considered is, whether the court erred in excluding the evidence offered to show that, when soldiers were discharged for disability or other cause existing before enlistment, it was the practice of the Adjutant General's office so to enter it in the record there kept. The

object of this evidence was to show that Mann was not discharged for a disease contracted before engaging in the service; in other words, that it was not then ascertained and determined that his disabling disease was so contracted. But the plaintiff had the benefit of the assumption that no such determination was made. The court ruled that the time when the disease was contracted was left open by the surgeon's certificate at Mann's discharge, and testimony was taken upon the question. All that the records of the Adjutant General's office at the most could be deemed to show was, that the time when the disease or disability was contracted was not ascertained or determined at his discharge. They simply left that question open. Unless these records would have tended positively to show that Mann's disease was contracted while he was in service, which they clearly did not, the plaintiff suffered nothing from their exclusion. They only went to establish a point which was afterwards ruled in favor of the plaintiff.       *Judgment on the verdict.*