TOWN OF PLYMOUTH *vs.* TOWN OF KINGSTON.

Plymouth.     November 8, 1934. — January 3, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Needy Person. Settlement. Domicil. Statute,* Construction. *Evidence,* Presumptions and burden of proof. *Words,* "Reside."

The word "reside" in the phrase "failure . . . to reside" in St. 1922, c. 479, and in G. L. (Ter. Ed.) c. 116, § 5, has the same significance which was given to it in laws relating to poor relief and settlements before the enactment of St. 1911, c. 669; and is the equivalent of the words "be domiciled."

In an action by a town against another town to recover for support furnished to a needy person from May, 1932, to September, 1933, the issue was whether he was settled in the defendant town during that period. It was agreed that he had a settlement there until April, 1932. There was evidence that, beginning in April, 1927, he had boarded and roomed in the plaintiff town continuously except for occasional short periods when he roomed in the defendant town for the sole purpose of retaining his residence there; that he paid a poll tax in the defendant town in each of the years 1927 to 1933 except one year when it was abated; that he paid an old age assistance tax therein in 1931, 1932 and 1933; that he voted therein in each of the years 1927 to 1933; that he owned no property in the plaintiff town and was not assessed for any tax therein; that at no time did he have the intention of staying permanently or for an indefinite time in the plaintiff town; and that it was his intention to retain his residence in the defendant town and to return there to live as soon as he should obtain a suitable rooming place and work. *Held,* that

(1) In the circumstances, the burden was on the defendant town to show that the needy person's absence from the defendant town during the five years beginning in April, 1927, was without the intention of returning thereto, and was with the intention of living elsewhere for an indefinite period;

(2) A finding was warranted that, at the time when support was furnished to the needy person, he had not failed "for five consecutive years . . . to reside in" the defendant town "where he had a settlement," within the meaning of G. L. (Ter. Ed.) c. 116, § 5, and had not lost his settlement therein.

CONTRACT. Writ dated September 23, 1933.

The action was heard in the Superior Court by *Goldberg,* J., without a jury. Material evidence and agreed facts are stated in the opinion. The judge found for the plaintiff in the sum of $354.58. The defendant alleged exceptions.

The case was submitted on briefs.

*W. N. Cronin,* for the defendant.

*A. P. Richards & A. R. Hussey, Jr.,* for the plaintiff.

PIERCE, J. This is an action brought by the town of Plymouth against the town of Kingston to recover for support furnished one Arthur Devine from May 21, 1932, to September 22, 1933, including interest. The answer is a general denial. "The sole issue . . . is whether Devine was settled in Kingston from April 22, 1932, to September 22, 1933, it being agreed by the parties that he was settled in Kingston until April 22, 1932." The trial judge found for the plaintiff and the case is before this court on the defendant's exceptions.

The facts stated in the bill of exceptions are, in substance, as follows: Arthur Devine was born in Kingston in 1876, and lived there until April, 1927. In the month and year last mentioned, he moved just across the Plymouth and Kingston line to the house of one Bodell, in Plymouth, where he has boarded and roomed ever since. He has always voted in Kingston and has always paid his poll tax in that town except for the year 1931, when it was abated. He paid the old age assistance tax in Kingston in 1931, 1932, 1933. The assessors of Kingston assessed Devine from 1927 to 1933, inclusive, at his request, although the chairman of the board of assessors knew that he was rooming and boarding at Mrs. Bodell's in Plymouth during the period. "Devine's name was on the voting list of Kingston." He had no place of abode, and owned no property, real or personal, in Kingston. He owned no property in Plymouth, was never assessed any tax in Plymouth, and he never voted in Plymouth.

In April or May of 1928 and 1929, Devine returned to Kingston and stayed with one Channing Winsor for a period of two weeks. In April, 1930, he returned to King-

ston and stayed with said Winsor for a period of ten days or two weeks. In each instance he paid Winsor for his room. He testified that he returned for the sole purpose of retaining his residence in Kingston. He did not return in 1931, for the reason that an assessor advised him that it was not necessary. Devine further testified that since he came to Plymouth it has been his express purpose to retain his residence in Kingston and to return to Kingston to live as soon as he obtained a suitable rooming place and work; that he at no time had any intention of staying permanently or for an indefinite time in Plymouth; and that when he stayed at Winsor's house in 1928, 1929 and 1930, he intended to return to Mrs. Bodell's for room and board.

The board of public welfare for the town of Kingston aided Devine from February, 1931, until April 22, 1932, when it terminated aid to him for the reason that he had lost his settlement. On Devine's application, aid was granted him in Plymouth beginning May 21, 1932, at the rate of $5 a week. It is agreed that the statute has been complied with as to giving proper notice to the town of Kingston. The defendant town denied settlement, refused to remove Devine and has continued to maintain that position. The only issue is whether Devine lost his settlement in Kingston on April 22, 1932, because of his failure for five consecutive years to reside in that town within the meaning of G. L. (Ter. Ed.) c. 116, § 5.

G. L. c. 116, § 5, provides in part: "Each settlement existing on August twelfth, nineteen hundred and eleven, shall continue in force until changed or defeated under this chapter, but from and after said date absence for five consecutive years by a person from a town where he had a settlement shall defeat such settlement." This part of the statute was amended by St. 1922, c. 479, to read as follows: "Each settlement existing on August twelfth, nineteen hundred and eleven, shall continue in force until changed or defeated under this chapter, but from and after said date failure for five consecutive years by a person, after reaching the age of twenty-one, to reside in a town

where he had a settlement shall defeat such settlement."
St. 1926, c. 292, amended G. L. c. 116 by striking out said
§ 5 and inserting in place thereof a new section retaining
the words "failure . . . to reside," in accordance with the
amendment of St. 1922, c. 479.

St. 1922, c. 479, and St. 1926, c. 292, show a clear, legis-
lative intention to strike out the word "absence" in G. L.
c. 116, § 5, and to substitute in place thereof the words
"failure . . . to reside." It is plain that after the enact-
ment of St. 1922, c. 479, the word "reside" in the phrase
"failure . . . to reside" should be presumed to have the
significance which was given to the same word in laws
relating to poor relief and settlements before St. 1911,
c. 669. *Leonard* v. *School Committee of Springfield*, 241
Mass. 325, 330. In laws relating to taxation, voting and
settlements the word "residence," in the absence of an
expressed, contrary, legislative intent, has always been
interpreted as equivalent to the word "domicil." *Granby*
v. *Amherst*, 7 Mass. 1. *Stoughton* v. *Cambridge*, 165 Mass.
251, 253. *Ness* v. *Commissioner of Corporations & Taxa-
tion*, 279 Mass. 369. A domicil once established as, for
example, a domicil of origin, "cannot be lost by mere aban-
donment even when coupled with the intent to acquire a
new one, but continues until a new one is in fact gained."
*Shaw* v. *Shaw*, 98 Mass. 158, 160. Absence from an estab-
lished domicil for a particular purpose does not change
domicil if residence in a new location is not accompanied
with a fixed purpose to remain there indefinitely and
with an intention not to return to reside in the former
home which is abandoned. *Wilbraham* v. *Ludlow*, 99
Mass. 587.

It is contended by the defendant that Devine removed
to Plymouth in April, 1927, and there is no evidence that
he ever had a home in Kingston after that date; that his
sojourn at the home of Winsor in Kingston, his temporary
absence from Plymouth and his temporary presence in
Kingston did not effect a change of residence from Plym-
outh to Kingston under the pauper laws of this Common-
wealth. This contention rests upon the assumption that

Devine's settlement in Kingston came to an end in 1932, because he at no time, during the period of five years from 1927 to 1932, had a home in Kingston, that is, a permanent residence as distinguished from a temporary occupancy of a room at a hotel, or at a lodging or boarding house. It does not contend that Devine acquired a settlement in Plymouth in 1927 or thereafter, but contends that he lost his settlement in Kingston after April 22, 1932, by a failure to reside there for five consecutive years after April, 1927, and thereafter he became a charge of the department of public welfare of the Commonwealth.

It is admitted that Devine had a settlement of origin in Kingston, unless it was lost under G. L. (Ter. Ed.) c. 116, or abandoned by him. No contention is made that he abandoned his settlement in Kingston or that he acquired a domicil in any other town or city. The burden of proof is upon the defendant· to establish that Devine's "failure . . . to reside" for five consecutive years in the town of Kingston was without any intention of returning thereto, and was with an intention of living elsewhere for an indefinite period. *Worcester* v. *Wilbraham*, 13 Gray, 586. *Chicopee* v. *Whately*, 6 Allen, 508. *Ashland* v. *Marlborough*, 106 Mass. 266. *Williamsburg* v. *Adams*, 184 Mass. 263. *Treasurer & Receiver General* v. *Boston*, 229 Mass. 83.

The evidence warranted the trial judge in finding that Devine never abandoned his residence in Kingston; that he intended to return there as soon as the opportunity presented; and that he carried into effect and gave evidence of his desire to retain his residence in Kingston by returning for short periods for a series of years, within the five-year period, until assured that it was not necessary, and by exercising the rights and performing the duties of citizenship therein. It does not matter to the decision of this case whether or not the board of assessors of Kingston had authority to assess Devine at his request, but it is material that Devine paid a poll tax in Kingston for the years 1927, 1928, 1929, 1930, (1931 tax abated,) 1932 and 1933 and that he paid to Kingston $1 a year old age assistance tax in 1931, 1932 and 1933, for the reason that such payments

had an evidential value in the determination of his intention to retain and not abandon his settlement in Kingston. The defendant's requests were denied rightly.

*Exceptions overruled.*