TOWN OF LAKEVILLE *vs.* CITY OF CAMBRIDGE.

Plymouth.    October 11, 1940. — November 26, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Needy Person. Settlement. Domicil. Practice, Civil,* Requests, rulings and instructions, Auditor: findings.

A request for a ruling, which in effect would have been a ruling that a finding for the plaintiff was required, properly was denied where the evidence presented a question of fact.

A requested ruling, based on G. L. (Ter. Ed.) c. 116, § 5, that the time during which a needy person was under the care and direction of a certain State institution or any officer thereof should not be counted in deciding whether he had lost a previous settlement or had acquired a new settlement, justifiably was denied in view of a finding which, properly interpreted, meant that he had not been under the care and direction of the institution or officer during the determinative period.

At the hearing of an action upon the report of an auditor whose findings were not final and on other evidence, where a question of fact on a determinative issue thereby was presented, a request for a ruling that the "auditor's general conclusion imports a finding of the facts necessary to support it," properly was denied in the circumstances.

CONTRACT. Writ in the Superior Court dated September 6, 1935.

The case was heard by *Forte, J.*, at a trial following the decision reported in 305 Mass. 256.

The case was submitted on briefs.

*F. Clark, Jr.*, for the plaintiff.

*J. A. DeGuglielmo*, Assistant City Solicitor, for the defendant.

FIELD, C.J. This is an action of contract brought by the town of Lakeville to recover from the city of Cambridge amounts spent by the plaintiff in furnishing immediate comfort and relief to one Earley, his wife and her four children by a former husband, between September 14, 1933, and September 6, 1935, on the ground that said Earley then had a settlement in the defendant city. G. L. (Ter. Ed.) c. 117, § 14. It is conceded that the settlements of the wife of said Earley and of her children were the same as his settlement.

The case was tried before an auditor whose findings of fact were not to be final. The auditor made subsidiary findings and a general finding — not purporting to be based solely on subsidiary findings — that "Earley and his wife and the minor children of his wife had a settlement in Cambridge during the time the aid was rendered," and that the defendant owes the plaintiff the amount sought to be recovered. The case was then tried to a jury on the auditor's report and other evidence. The trial judge directed a verdict for the plaintiff. The exception of the defendant to the direction of a verdict was sustained in *Lakeville* v. *Cambridge*, 305 Mass. 256. This court there pointed out in substance that the burden of proof that the settlement of Earley had been lost by his living in a sanatorium in Lakeville was upon the defendant, but that it could not be said that a jury could not have inferred from the facts stated in the auditor's report — and the other evidence did not tend to vary any of the findings therein — that this burden of proof was sustained. Consequently there was error in withdrawing the case from the consideration of the jury. Page 260.

Thereafter the case was tried before a judge sitting without a jury on the auditor's report and — by agreement of

the parties — on the evidence of two witnesses, as set forth in the bill of exceptions previously before the court. The judge denied certain requests for rulings made by the plaintiff and in denying them filed the following statement — obviously a finding of fact, though inaptly described in the bill of exceptions as a "memorandum," see *Commonwealth* v. *O'Neil*, 233 Mass. 535, 543 — "I find that Earley lived in Lakeville with the intention of remaining for an indefinite period and without any fixed or certain purpose to return to Cambridge; that while living at the Sanatorium as an employee, he had no fixed or certain purpose to return to Cambridge; and that during the period in question, he was not in any manner under the care or protection of the Sanatorium or of an officer thereof." The judge found for the defendant.

The plaintiff claimed exceptions to the denial of its requests for rulings, to the "opinion, ruling, or memorandum of the judge," and to the finding for the defendant. The plaintiff properly makes no contention that the exceptions to the so called "memorandum" and to the finding for the defendant have any standing (see *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, 556–557; *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167; *Ross* v. *Colonial Provision Co. Inc.* 299 Mass. 39, 41), and does not argue them. The plaintiff contends, however, that there was error in the denial of certain of its requests for rulings. We consider such of these requests as have been argued.

There was no error in the denial of the requests for rulings numbered six and sixteen, respectively, to the effect that even if Earley lost his settlement in Cambridge or acquired a settlement in Lakeville after September 6, 1935, the plaintiff "is nevertheless entitled to recover in full." By granting either of these requests the trial judge would have ruled that the plaintiff was entitled to recover in this action. Such a ruling of law could not rightly have been made. The evidence presented a question of fact for the consideration of the trier of fact. *Lakeville* v. *Cambridge*, 305 Mass. 256, 259–260.

Nor was there error in denying the plaintiff's requests for rulings numbered · eleven, twelve, fourteen, eighteen and twenty-one, respectively. By each of these requests the plaintiff sought in substance a ruling that the time during which Earley was "in any manner under the care and direction of ·the Lakeville State Sanatorium" or "of an officer thereof" should not be counted in computing the time for defeating a settlement in Cambridge or for acquiring a settlement in Lakeville. These requested rulings appear to have been based upon the provision of G. L. (Ter. Ed.) c. 116, § 5, that the "time during which a person shall be an inmate of any infirmary, jail, prison, or other public or state institution, within the commonwealth or in any manner under its care and direction, or that of an officer thereof . . . shall not be counted in computing the time either for acquiring or defeating a settlement," with an exception not here material. Most of the requested rulings involved also the question whether Earley was under such "care and direction." As was pointed out when the case was here before, this question was one of fact. *Lakeville* v. *Cambridge,* 305 Mass. 256, 260. These requested rulings, therefore, could not rightly have been given as rulings of law and, of course, the judge was not bound to give them as findings of fact. Furthermore, all of these requested rulings were rendered inapplicable by the finding of fact made by the judge in his so called "memorandum" filed in connection with his denial of the plaintiff's requests for rulings. The plaintiff's sole contention to the contrary is based upon the use by the judge in this finding of the word "protection" instead of the word "direction." Notwithstanding the difference in meaning between these words when standing alone, we think it obvious from the context of the word "protection" in the finding and the circumstances in which the finding was made that the finding is to be interpreted as if the word "direction" had been used in conformity to the language of the requested rulings and the governing statute.

There was no error in the denial of the requested ruling that the "auditor's general conclusion imports a finding of

the facts necessary to support it." So far as it goes this is a correct statement of law. It is applicable where, as here, the general conclusion does not purport to be based solely upon subsidiary findings. But subsidiary findings necessarily inconsistent with a general conclusion are superior to it. In such a situation the general conclusion has no evidential value. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 567. The principle stated in the requested ruling is, therefore, subject to the limitation that a general conclusion does not import findings of fact necessarily inconsistent with subsidiary findings. *Runnells* v. *Cassidy, ante,* 128, 129–130. Furthermore, a general conclusion of an auditor and the findings of fact that it imports, even if not necessarily inconsistent with the subsidiary facts, may be found by the fact finding tribunal — judge or jury — as matter of fact to have been met or overcome — as the applicable rule as to burden of proof may require, see *Cohasset* v. *Moors,* 204 Mass. 173, 178–180 — by the subsidiary findings or evidence outside the report warranting a finding contrary to the general conclusion or the findings of fact that it imports. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 567–568. This is the situation presented by the evidence in the present case. *Lakeville* v. *Cambridge,* 305 Mass. 256, 259–260. The requested ruling in question did not recognize the possibility that the general conclusion of the auditor or the findings of fact imported thereby might be met or overcome in this manner. If this requested ruling is to be interpreted as negativing this possibility clearly it could not rightly have been made. But, even if it is to be interpreted merely as stating the effect of the general conclusion apart from the other evidence in the case, it related to only a part of the evidence not presenting a separate issue or separate issues of fact and for this reason the judge was not required to rule as requested. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50–52. *McDonald* v. *MacNeil,* 300 Mass. 350, 354.

The statement of the judge at the hearing "that he found difficulty in following the auditor's general conclusion because the report did not set forth facts to support it," was

not a ruling of law that the general conclusion of the auditor was without evidential value by reason of the absence of findings of subsidiary facts supporting it. The statement, at most, furnished some indication of the weight given by the judge as a trier of fact to the general conclusion as evidence in connection with all the evidence. This was a matter within the scope of the function of the judge as a trier of fact. It does not appear that he committed error of law in respect to the weight attributed by him to the general conclusion. In any event, the plaintiff did not except to this statement — even if we assume that it would have been subject to exception.

*Exceptions overruled.*